USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-5-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STANLEY HALL,

                    Petitioner,

        -against-

RAYMOND J. CUNNINGHAM, Superintendent,
Woodbourne Correctional Facility,

                    Respondent.
-------------------------------------------------------------X

03 Civ. 3532 (RMB)(GWG)

**DECISION AND ORDER**

## I.   Background

On or about March 7, 2003, Stanley Hall ("Petitioner" or "Hall"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") against Raymond J. Cunningham, Superintendent of Woodbourne Correctional Facility ("Respondent"), challenging Petitioner's June 24, 1999 conviction after a bench trial in New York State Supreme Court, New York County (Bradley, J.) of one count of first degree burglary in violation of New York Penal Law § 140.30(2). Petitioner was sentenced (as a second violent felony offender) to a term of ten years imprisonment. (Petition at 2.) On August 23, 2001, the Appellate Division, First Department affirmed Petitioner's conviction. People v. Hall, 286 A.D.2d 270, 271, 730 N.Y.S.2d 424, 424 (1st Dep't 2001) ("[T]he verdict was based on legally sufficient evidence and was not against the weight of the evidence.") On October 23, 2001, the New York Court of Appeals denied Petitioner leave to appeal. People v. Hall, 97 N.Y.2d 641, N.E.2d 735 N.Y.S.2d 498 (2001).

Petitioner asserts that his conviction "was at a minimum against the evidence." Petition at 22. On October 26, 2007, Magistrate Judge Gabriel W. Gorenstein, to whom the matter had been referred, issued a thorough Report and Recommendation ("Report") recommending that the

Court deny the Petition because it was "filed too late under the statute of limitations," and that, "even if the petition had not been filed late, it would still have to be denied on the merits because "the Court must defer to the jury's credibility assessments." (Report at 2, 4.)

The Report instructed the parties that they had "ten (10) days from service of this Report and Recommendation to serve and file any objections." (Report at 5.) As of the date of this Order, neither party has submitted objections.

**For the reasons stated below, the Report is adopted in all respects and the Petition is denied.**

## II. Standard of Review

The Court may adopt those sections of a magistrate judge's report to which no objections have been made and which are not clearly erroneous. See Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); Santana v. United States, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007). Where, as here, a petitioner is proceeding pro se, the Court will "read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

## III. Analysis

The Court has conducted a review of the Report and applicable legal authorities and finds that Judge Gorenstein's determinations and recommendations are neither clearly erroneous nor contrary to law and, in fact, are supported by the law. Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

Judge Gorenstein properly concluded that Hall's one year deadline to file his Petition expired on January 23, 2003, and Hall did not sign his Petition until March 7, 2003. (Report at 2.) Judge Gorenstein also properly determined that "[e]ven if the [P]etition had not been filed late, it would still have to be denied" because "[a]ssessment of the weight of the evidence or the

2

credibility of witnesses . . . 'are for the [trier of fact],' and thus a habeas court must defer to the [trier of fact's] assessments . . . .'" (Report at 4–5 (quoting Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996)).)

IV. **Certificate of Appealability**

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has made no such showing, and a certificate of appealability is neither warranted nor appropriate. Any appeal from this Order will not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

V. **Conclusion and Order**

For the reasons stated above, the Court adopts the Report in all respects and denies the Petition. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, NY
February 5, 2008

_____
RICHARD M. BERMAN, U.S.D.J.